Richard B. OPLINGER, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 31053.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 14, 2011.

Mark A. Grothoff, Columbia, MO, for Appellant.

Chris Koster, Attorney General and Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Presiding Judge.

Richard B. Oplinger ("Oplinger") appeals the motion court's denial of his Rule 29.15[1] motion asserting his trial counsel was ineffective for failing to request a lesser-included jury instruction for stealing. We affirm.

## Facts and Procedural History

A jury convicted Oplinger of robbery in the first degree in violation of section 569.020 and armed criminal action in violation of section 571.015. The trial court found Oplinger to be a prior offender and sentenced him to two concurrent terms of thirty years' imprisonment. This Court affirmed Oplinger's conviction in *State v. Oplinger*, 193 S.W.3d 766 (Mo.App. S.D. 2006), and sets forth a more detailed statement of facts in that opinion.

The testimony and evidence produced at the jury trial established that on September 30, 2002, Billy Castlebury ("Castlebury") was asked by Oplinger to drive him "somewhere so he could get some money...." Castlebury drove Oplinger to a Casey's store and remained in the car while Oplinger went inside. Sheryl Prather ("Prather") was working as the store's cashier that day and saw Oplinger enter the store wearing a green t-shirt. He walked around for about twenty minutes looking at items on the shelves. Oplinger then approached the counter, which had some newspapers stacked on it. Prather turned away from the counter to activate the gas pumps. When she turned back around, Oplinger was holding a newspaper in his hand and a big, black gun was lying on top of the newspaper. Oplinger had his finger on the gun's trigger. Oplinger told Prather that she could do it the easy way or the hard way. He ordered her to give him the cash from the drawer or he would shoot her. While Prather was emptying the cash drawer and placing the money in a paper bag, Oplinger draped the newspaper over the gun to hide it from view but continued to point the weapon at Prather. After the robbery, police obtained permission to search the apartment where Oplinger had stayed the prior evening. A green t-shirt and a black B.B. pistol were found inside the residence. Oplinger was

---

1. All rule references are to Missouri Court Rules (2011), and all references to statutes are to RSMo 2000, unless otherwise specified.

later arrested and charged with first degree robbery and armed criminal action.

At trial, Oplinger testified it was Castlebury's idea to go to the Casey's store on September 30. Castlebury asked Oplinger if he wanted to make some easy money. All Oplinger had to do was go to the Casey's store and tell Prather that Castlebury had sent Oplinger to pick up the money. Oplinger denied having a gun. Oplinger admitted he went inside and told Prather that Castlebury had sent him "to pick up this money." Oplinger told Prather to place the money in a paper sack. After Prather placed all of the bills and change from the register in the sack, Oplinger took it and left the store.

After Oplinger filed a *pro se* Rule 29.15 motion, Oplinger's appointed counsel filed an amended motion. The amended motion alleged, in pertinent part, that Oplinger's trial counsel was ineffective for failing "to request a lesser[-]included offense instruction for the offense of stealing."

On June 24, 2010, the motion court held an evidentiary hearing. Oplinger's trial attorney, David Back ("Back"), testified at the hearing. Back testified that "the defense strategy was summed up by Mr. Oplinger's testimony to—to the jury that this was a prearranged taking of money; it wasn't robbery." In other words, the case involved "a stealing instead of a robbery." Back testified he was prepared to submit a verdict director for the lesser-included offense of stealing, and that he "had a conference with Mr. Oplinger regarding the lesser included." He testified he would have explained to Oplinger that they could give the jury the option of choosing between robbery and stealing, or that they could adopt an "all or nothing" strategy and try to convince the jury to acquit Oplinger altogether. Back testified that his notes and the presence of the lesser-included instruction in his file indicated that they decided on the "all or nothing" strategy.

In lieu of live testimony, Oplinger testified by deposition. Oplinger testified that he told Back that he was not guilty of "armed robbery or anything higher than accessory to stealing." He stated that Back did not discuss a stealing instruction with him and that if counsel had, he "would have made sure that was put in there[,]" i.e., that he "would have asked him to submit a lesser-included instruction for stealing[.]" Oplinger testified that he and Back never discussed a lesser-offense instruction at all.

On November 23, 2010, the motion court denied Oplinger's post-conviction motion. In pertinent part, the motion court concluded that counsel employed an "all or nothing" strategy in deciding not to submit a lesser-offense instruction for stealing. The motion court found that Oplinger's testimony was not credible. Finally, the motion court concluded that "there is no reasonable probability that the outcome of the trial would have been affected" if counsel submitted a lesser-offense instruction. This appeal followed.

The sole issue for determination is whether Back was ineffective for failing to request a lesser-included jury instruction for stealing.

### Standard of Review

 We review a post-conviction relief motion for whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009) (citing Rule 29.15(k)). Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Id.* A post-conviction relief ruling is presumed correct, and Opling-

er had the burden of proving his grounds for relief by a preponderance of the evidence. *Id.*; Rule 29.15(i). "At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness, including that of the Movant." *Hurst v. State*, 301 S.W.3d 112, 117 (Mo.App. E.D. 2010).

### Analysis

To prove ineffective assistance of counsel, a movant must demonstrate: (1) his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances; and (2) his defense was prejudiced as a result of that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Storey*, 901 S.W.2d 886, 893 (Mo. banc 1995). Counsel is presumed effective and the burden is for the movant to show otherwise. *Forrest*, 290 S.W.3d at 708. "Trial strategy is not a basis for ineffective assistance of counsel." *Id.*

To specifically establish ineffective assistance of counsel for failure to request a lesser-included offense instruction, Oplinger must show that the evidence would have required submission of a lesser-included offense instruction had one been requested, that the decision not to request the instruction was not reasonable trial strategy, and that he was thereby prejudiced. *Jackson v. State*, 205 S.W.3d 282, 285 (Mo.App. E.D.2006). "An objectively reasonable choice not to submit an available instruction does not constitute ineffective assistance of counsel." *Love v. State*, 670 S.W.2d 499, 502 (Mo. banc 1984). " 'It is a tactical decision usually based on the belief—often a reasonable one—that the jury may convict of the lesser offense, if submitted, rather than render a not guilty verdict on the higher offense if the lesser is not submitted.' " *Neal v. State*, 99 S.W.3d 571, 576 (Mo.App. S.D.2003) (quoting *State v. Olson*, 636 S.W.2d 318, 322 (Mo. banc 1982), *overruled on other grounds by State v. Santillan*, 948 S.W.2d 574, 576 (Mo. banc 1997)).

For the purpose of this opinion we assume, without deciding, that the evidence supported a lesser-included offense instruction for stealing. Nevertheless, we conclude that the trial court's judgment is not clearly erroneous because Oplinger failed to overcome the presumption that counsel's decision not to request the instruction was reasonable trial strategy. Oplinger asserts that trial counsel's decisions in this case were neither sound nor reasonable because, based on the evidence, "[h]e was going to be convicted of something[ ]" and accordingly, "[i]t makes no sense not to give the jury an option other than robbery, especially when the entire defense pointed to that lesser option." Back's trial strategy, however, made sense at the time it was employed because counsel had a reasonable basis for arguing, based on Oplinger's trial testimony, that Oplinger did not have a gun or use any force or threats when he took the money. If the jury had believed Oplinger, the jury would have acquitted Oplinger because the offenses submitted to the jury required the jury to find Oplinger at least threatened the use of force or displayed what appeared to be a deadly weapon or dangerous instrument. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. "The jury's failure to acquit does not affect the reasonableness of using an all-or-nothing strategy." *Martin v. State*, 712 S.W.2d 14, 17 (Mo.App. E.D.1986).

The reasonableness of counsel's decision is particularly apparent here because the alternative strategy set forth by Oplinger would also have been dependent upon the jury believing Oplinger's testimony. Oplinger argues that the jury should have been given the opportunity to credit his testimony and find him guilty of only stealing. However, because this alternative strategy would have relied on the same premise as the strategy employed by counsel at trial, it merely would have given the jury a "middle ground" to convict instead of acquit. We do not agree with Oplinger's argument that "[h]e was going to be convicted of something[ ]"; rather, it was possible that the jury could have credited Oplinger's testimony and acquitted him of robbery. Thus, counsel's decision to seek an outright acquittal on a lesser offense was reasonable.

Accordingly, Back was not ineffective for failing to request a lesser-included jury instruction for stealing. Point denied. The motion court's decision is affirmed.

BARNEY and SCOTT, JJ., Concur.