Sharnique JONES, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 103712

Missouri Court of Appeals,
Eastern District,
**DIVISION THREE**.

Filed: March 21, 2017

---

Amy E. Lowe, St. Louis, MO, for appellant.

Shaun Mackelprang, Jefferson City, MO, for respondent.

## Opinion

Angela T. Quigless, P.J.

Sharnique Jones ("Movant") appeals from a judgment denying her Rule 29.15[1] post-conviction relief motion. The motion court held an evidentiary hearing on two of her five claims. Movant contends the motion court clearly erred in denying her motion because trial counsels were ineffective for (1) failing to investigate and elicit information from medical witnesses at trial that her daughter, S.J., was on phenobarbital when she stopped breathing; (2) failing to submit a lesser-included offense instruction of third-degree assault, as a lesser-included offense for first-degree assault; (3) failing to preserve the issue of *corpus delicti* for the second-degree murder charge; (4) failing to submit a lesser-included offense instruction of second-degree endangering the welfare of a child, as a lesser-included offense for second-degree murder; and (5) failing to request the removal of a sleeping juror. We affirm the motion court's judgment.

## Factual and Procedural History

Movant gave birth to her daughter, S.J., on January 3, 2008. Between January 3 and April 7, 2008, Movant took S.J. to the hospital thirteen times for various health concerns. Medical staff described S.J. as healthy and counseled Movant regarding proper feeding, safe sleeping positions, and community resources for new mothers. On April 7, 2008, Movant placed S.J. facedown on a pillow because S.J. would not stop crying. Movant then left the room, intending to commit suicide; however, Movant changed her mind. When Movant returned to the bedroom fifteen to twenty minutes later, S.J. was still facedown on the pillow and was not breathing. Movant called 911, but first responders were unable to resuscitate S.J.

Movant gave birth to her son, D.W., on January 18, 2009. Movant took D.W. to the hospital two days later because he was jaundiced. The hospital admitted D.W. for malnutrition and marginal dehydration, and began a feeding program. However, Movant became upset with the feeding program, accused hospital staff of force-feeding D.W., and checked him out of the

---

1. All rule references are to Missouri Supreme Court Rules (2015) unless otherwise indicated.

hospital against medical advice. Three days later, Movant took D.W. back to the hospital, stating that he had stopped breathing. Movant later admitted she had been watching television with D.W. facedown in her lap and had stopped paying attention to him. Movant admitted that when she returned her attention to D.W., his face was pressed into a burp rag, and he was not breathing. The hospital contacted the Children's Division, which placed D.W. in protective custody.

Detective Harolton Clayborn ("Detective Clayborn") of the St. Louis County Police Department contacted Movant, who agreed to come to police headquarters to answer questions about D.W. Movant was taken to an interview room where she signed a *Miranda* rights warning and waiver form. Movant told Detective Clayborn that she missed several of D.W.'s feedings, and that she felt the hospital had attempted to force-feed D.W. Movant also admitted to the burping incident when D.W. stopped breathing. Movant then discussed S.J.'s death. After, Detective Clayborn expressed doubt about the cause of S.J.'s death, Movant admitted that she had become frustrated with S.J.'s crying and had placed her facedown on a pillow. Movant stated she left S.J. unattended and later discovered S.J. had stopped breathing.

The State charged Movant with second-degree murder of S.J. by suffocation, first-degree assault by knowingly causing serious physical injury to D.W., and first-degree endangering the welfare of a child by creating a substantial risk to the life and health of D.W.

Following a jury trial, Movant was found guilty of second-degree murder, the lesser included offense of second-degree assault,[2] and first-degree endangering the welfare of a child. The court sentenced Movant to concurrent sentences of fifteen years for murder, and seven years each for assault and endangering the welfare of a child.

Thereafter, Movant appealed her conviction. This Court reversed Movant's second-degree murder conviction, *State v. Jones*, No. ED97595, 2012 WL 4497968 (Mo. App. E.D. Oct. 2, 2012), concluding that the trial court plainly erred when it admitted evidence of Movant's out-of-court statement without proof of *corpus delicti* because her statement was the only evidence at trial indicating that S.J.'s death was the result of criminal agency. *Id.* at *3. On transfer, the Missouri Supreme Court declined to review for plain error and reinstated the conviction. *State v. Jones*, 427 S.W.3d 191, 197 (Mo. banc 2014).

Movant timely filed *pro se* and amended motions for post-conviction relief per Rule 29.15.[3] Movant alleged, *inter alia*, that trial counsels[4] were ineffective for (1) failing to request lesser-included offense instructions for second-degree murder, including second-degree endangering the welfare of a child; (2) failing to request lesser-included offense instructions for first-degree assault, including third-degree assault; (3) failing to investigate or litigate that S.J. was on phenobarbital when she stopped breathing; (4) failing to move to strike a juror for sleeping and dozing off through

2. The State requested and the trial court submitted a lesser-included offense instruction on Count III of second-degree assault, as a lesser-included offense for first-degree assault.

3. Movant filed her *pro se* motion for post-conviction relief on June 3, 2014, and the court appointed counsel on July 23, 2014.

Counsel entered her appearance on September 22, 2014, and requested a thirty-day extension to file an amended motion, which the trial court granted. Counsel timely filed the amended motion on October 22, 2014.

4. Movant was represented by two attorneys at trial.

crucial testimony; and (5) failing to preserve the issue of the *corpus delicti* for the second-degree murder charge. The motion court granted an evidentiary hearing on Movant's second and fourth claims but denied Movant's other claims without a hearing. Following the hearing, the motion court entered its judgment, denying Movant's post-conviction motion. This appeal follows.

## Points Relied On

Movant raises five points on appeal. Movant argues the trial court erred in denying her claim of ineffective assistance of counsel for (1) failing to investigate and elicit information from medical witnesses at trial that S.J. was on phenobarbital when she stopped breathing; (2) failing to submit a lesser-included offense instruction of third-degree assault, as a lesser-included offense for first-degree assault; (3) failing to preserve the issue of *corpus delicti* for the second-degree murder charge; (4) failing to submit a lesser-included offense instruction of second-degree endangering the welfare of a child, as a lesser-included offense for second-degree murder; and (5) failing to request the removal of a sleeping juror.

## Standard of Review and Applicable Law

■ Appellate review of decisions under Rule 29.15 is limited to whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Moore v. State*, 328 S.W.3d 700, 702 (Mo. banc 2010). On review, the motion court's findings are presumed correct. *Vaca v. State*, 314 S.W.3d 331, 334 (Mo. banc 2010). Findings and conclusions are clearly erroneous if we are left with a "definite and firm impression that a mistake has been made" after reviewing the entire record. *Moore*, 328 S.W.3d at 702.

■ An evidentiary hearing on a Rule 29.15 motion is only required if: (1) the motion alleges facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the case files and the records; and (3) the matters of which the movant complains have resulted in prejudice. *Ringo v. State*, 120 S.W.3d 743, 745 (Mo. banc 2003). No hearing is required if the motion and the files and records conclusively show the movant is not entitled to relief. Rule 29.15(h).

To be entitled to post-conviction relief for ineffective assistance of counsel, the movant must satisfy a two-prong test. First, the movant must demonstrate that counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances. *Worthington v. State*, 166 S.W.3d 566, 572–73 (Mo. banc 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Second, the movant must show that trial counsel's deficient performance prejudiced him. *Id.* To satisfy the first prong, the movant must overcome a strong presumption that counsel provided competent representation by pointing to "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006). To satisfy the second prong, the movant must demonstrate that, absent the claimed errors, there is a reasonable probability that the outcome would have been different. *Id.*

## Discussion

### Point I—Failure to Investigate Effects of Phenobarbital

■ In Point I, Movant argues the trial court erred in denying her claim that counsels were ineffective for failing to investigate and elicit information from the medi-

cal witnesses at trial that S.J. was on phenobarbital when she stopped breathing. Movant argues that the phenobarbital and its side effects could have been introduced through "any of the multiple medical experts" at trial who were familiar with the drug. Had counsels investigated and litigated the effects of phenobarbital, Movant argues the jury would have been aware of a reason other than suffocation that S.J. stopped breathing. We disagree.

■ Under the performance prong in *Strickland*, counsel is ineffective only if the movant demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. To prevail on a claim that was counsel was ineffective for failing to investigate and present mitigating evidence, the movant must specifically identify who the witnesses were, what their testimony would have been, whether or not counsel was informed of their existence, and whether or not they were available to testify. *Morrow v. State*, 21 S.W.3d 819, 823 (Mo. banc 2000).

Here, we find Movant fails to prove that counsels did not exercise the customary skill and diligence of reasonably competent attorneys. *See Worthington*, 166 S.W.3d at 572–73. First, while Movant states that counsels could have elicited testimony from "any of the multiple medical experts" who testified at trial, she does not specifically identify the witnesses by name as required. Movant also fails to allege what the expert witness' testimonies would have been at trial. Movant states only that counsels *could* have introduced phenobarbital through the witnesses and questioned them about the side effects of the drug. Movant further fails to connect a specific portion of her "theory" to a particular witness. *See Barnett v. State*, 103 S.W.3d 765, 770 (Mo. banc 2003) (finding counsel was not ineffective for failing to investigate

because the narrative of movant's life history set forth in his motion was not connected to a particular listed witness). Therefore, it is impossible to ascertain whether any of the medical witnesses at trial would have provided mitigating evidence through their testimonies. *See Morrow*, 21 S.W.3d at 823.

■■ The purpose of a Rule 29.15 motion is to provide the motion court with allegations sufficient to allow the court to decide whether relief should be granted. *Id.* at 824; *see White v. State*, 939 S.W.2d 887, 896–97 (Mo. banc 1997). "Where the pleadings consist only of bare assertions and conclusions, a motion court cannot meaningfully apply the *Strickland* standard for ineffective assistance of counsel." *Morrow*, 21 S.W.3d at 824; *Barnett*, 103 S.W.3d at 770.

Moreover, Movant's claims are refuted by the record in that the jury *did* hear evidence regarding the effects of phenobarbital. The State's witness, Dr. Michael Noetzel ("Dr. Noetzel"), testified on direct examination that S.J. was taking phenobarbital, which is a barbiturate that "can make you slow and sluggish." On cross-examination, defense counsel further questioned Dr. Noetzel about the drug's side effects. Dr. Noetzel testified that "if we're talking about a child [S.J.'s] age, the concerns that we would have [with phenobarbital] would be that it could slow them down a little bit. It's a barbiturate—make them a little sleepy, make them less interested in feeding, depending on what the dose is .... The biggest thing is it can slow down the nervous system."

Accordingly, we find Movant fails to meet her burden of proving counsels' performance was deficient under *Strickland*, and thus the motion court did not clearly err in denying this claim without a hearing. Point I is denied.

## Point II—Failure to Request a Lesser–Included Instruction of Third–Degree Assault

■ In Point II, Movant argues the motion court erred in denying her claim after a hearing that counsels were ineffective for failing to submit a lesser-included instruction of third-degree assault, as a lesser-included offense for first-degree assault. Had counsels submitted the lesser-included offense instruction, Movant argues there is a reasonable chance she would have been convicted of the lesser offense. We disagree.

■ To prevail on a claim that counsel was ineffective for failing to request a lesser-included offense instruction, the movant must show that the evidence would have required the trial court to submit the instruction had one been requested, that the decision not to request the instruction was not reasonable trial strategy, and that prejudice resulted. *Martin v. State*, 386 S.W.3d 179, 184 (Mo. App. E.D. 2012); *Jackson v. State*, 205 S.W.3d 282, 285 (Mo. App. E.D. 2006). Trial counsel is presumed effective, and the movant has the burden to prove otherwise. *McCrady v. State*, 461 S.W.3d 443, 448 (Mo. App. E.D. 2015). "Even where the evidence supports the submission of a lesser-included offense instruction, Movant must still overcome the presumption that counsel's decision not to request the instruction was reasonable trial strategy." *Id.* at 448.

The motion court found that counsels' decision not to request a lesser-included offense instruction was a reasonable trial strategy, and that counsels were not required to request an instruction that would undermine the defense theory, which in this case was actual innocence. The motion court found that counsels' strategy was evidenced by their cross-examination of the State's witnesses, by the evidence presented at trial, and by their closing argument, in which they argued that Movant "*did not* place [S.J] facedown on a pillow, causing her to suffocate," "*did not* knowingly fail to provide adequate nutrition for D.W.," and "*did not* smother D.W. in a cloth." (emphasis in original).

Movant claims the motion court clearly erred in denying her claim because there was evidence to support a third-degree assault instruction, and the jury could have found that D.W. only suffered "physical injury" rather than "serious physical injury." Movant argues that had trial counsels submitted an instruction of third-degree assault, the court would have been obligated to give such an instruction. In support, Movant cites to *State v. Jackson*, 433 S.W.3d 390 (Mo. banc 2014) and *State v. Pierce*, 433 S.W.3d 424 (Mo. banc 2014). In both *Jackson* and *Pierce*, trial counsel requested that the court submit a lesser-included offense instruction to the jury; however, the trial court refused, finding there was no basis in the evidence for a reasonable juror to convict on the lesser offense. *Jackson*, 433 S.W.3d at 392; *Pierce*, 433 S.W.3d at 432. The Missouri Supreme Court concluded in both cases that the trial court erred in refusing to submit the lesser-included offense instructions because the decision of what evidence to believe or what inferences to draw therefrom belong to the jury. *Jackson*, 433 S.W.3d at 392; *Pierce*, 433 S.W.3d at 432.

While *Jackson* and *Pierce* correctly ruled that the trial court erred in refusing to submit a requested instruction, those cases do not address the issue before this Court, which is whether *trial counsels* were ineffective for failing to submit a lesser-included offense instruction. *See McCrady*, 461 S.W.3d at 449. *Jackson* and

*Pierce* are therefore inapplicable.[5]

 Even assuming without deciding that the evidence supported the submission of an instruction of third-degree assault, we find Movant fails to overcome the presumption that counsels' decision not to request the instruction was reasonable trial strategy. "An objectively reasonable choice not to submit an available instruction does not constitute ineffective assistance of counsel." *Oplinger v. State*, 350 S.W.3d 474, 477 (Mo. App. S.D. 2011). The decision not to request a lesser-included offense instruction may be "a tactical decision usually based on the belief—often a reasonable one—that the jury may convict of the lesser offense, if submitted, rather than render a not guilty verdict on the higher offense if the lesser is not submitted." *Hendrix v. State*, 369 S.W.3d 93, 100 (Mo. App. W.D. 2012). Counsel has no duty to request an instruction that would undermine the defense theory presented at trial. *Williamson v. State*, 400 S.W.3d 902, 904 (Mo. App. E.D. 2013).

Here, Tara Crane ("Crane"), one of Movant's trial counsel, testified during the evidentiary hearing that "[o]ur defense was that it was an all-or-nothing, that she did not do the allegations charged." Crane testified she discussed this defense with Movant, and therefore did not have any strategic reason to request an instruction of third-degree assault. Further, Kelly Hritz ("Hritz"), Movant's other trial counsel, testified that it was the State who requested the lesser-included offense instruction of second-degree assault. Hritz testified that the instruction did not change their "all-or-nothing" strategy because they "felt strongly [Movant] wasn't guilty of any of the offenses that were charged." The decision to pursue an "all-

or-nothing" defense has been consistently upheld as reasonable trial strategy. *See, e.g.*, *McKee v. State*, 336 S.W.3d 151, 154 (Mo. App. E.D. 2011); *McCrady*, 461 S.W.3d at 450; *Love v. State*, 670 S.W.2d 499, 502 (Mo. banc 1984); *Oplinger*, 350 S.W.3d at 477–78.

Movant argues that because an instruction of second-degree assault had already been submitted, "there was no possibility of an all or nothing defense," and counsels' decision not to request a third-degree assault instruction was unreasonable. In support, Movant relies on *McNeal v. State*, No. ED102152, 2016 WL 616297 (Mo. App. E.D. Feb. 16, 2016), which at the time Movant filed her brief, was on transfer to the Missouri Supreme Court. However, the Court has since issued its opinion. In *McNeal*, the defendant filed a motion for Rule 29.15 post-conviction relief, arguing, *inter alia*, that counsel was ineffective for failing to request a lesser-included offense instruction of trespass, as a lesser-included offense to second-degree burglary. *McNeal v. State*, 500 S.W.3d 841, 843 (Mo. banc 2016). Following an evidentiary hearing, the motion court denied defendant's motion, concluding that trial counsel was not ineffective. *Id.* The Missouri Supreme Court affirmed, finding counsel's performance was objectively reasonable because the decision to not request a trespass instruction was strategic and such a request would have been inconsistent with the defense's theory, which included disputing the knowing-unlawful-entry element of second-degree burglary. *Id.* at 844–45.

 In light of *McNeal*, we reject Movant's argument that counsels' decision was unreasonable and reiterate that it was a strategic choice. Furthermore, the fact

5. Movant relies on *Jackson* and *Pierce* for the same proposition in Point IV. Because we find these cases are inapplicable in Point II, they are likewise inapplicable to Movant's claim in Point IV, and thus we need not address this argument there.

that the State requested an instruction of second-degree assault in no way obligates counsels to abandon their defense strategy. Counsel will not be deemed ineffective "for seeking to employ the best defense for [their] client by not offering the jury a middle ground for conviction." *Jackson*, 205 S.W.3d at 286 (quoting *Love*, 670 S.W.3d at 502). As noted, trial counsels did not request a lesser-included offense instruction because the defense theory was that Movant was innocent of all criminal wrong-doing. Moreover, trial counsels testified that the State's request of the second-degree assault instruction did not change their "all-or-nothing" defense strategy.

Given the defense theory of actual innocence, requesting an instruction of third-degree assault would have been inconsistent with the defense. "Counsel had no duty to request an instruction that would undermine the entire theory of the case presented at trial." *Brock v. State*, 242 S.W.3d 430, 434 (Mo. App. W.D. 2007). We find that counsels' decision not to request a lesser-included offense instruction was reasonable, and thus they were not ineffective. Accordingly, we find the motion court did not clearly err in denying this claim. Point II is denied.

### Point III—Failure to Preserve the Issue of *Corpus Delicti*

In Point III, Movant argues the motion court erred in denying her claim that counsels were ineffective for failing to preserve the issue of *corpus delicti* for the second-degree murder charge. Movant argues the failure to preserve this issue led the Missouri Supreme Court to decline plain error review and affirm the trial court. Had counsels preserved this issue, Movant argues there was a reasonable chance at a different result on appeal. We disagree.

■■■ Following her conviction for second-degree murder, Movant filed a direct appeal, arguing the trial court erred in admitting her out-of-court statement as evidence of second-degree murder without proof of *corpus delicti*.[6] *State v. Jones*, 2012 WL 4497968, at *3. This claim was reviewed for plain error because trial counsels failed to raise an objection at trial. *Id.* This Court reversed Movant's second-degree murder conviction, concluding that the trial court's admission of Movant's statement was prejudicial and resulted in manifest injustice because it provided the majority of the evidence at trial indicating that S.J.'s death resulted from criminal agency. *Id.* at *3–4. The Missouri Supreme Court granted transfer and reinstated Movant's conviction. *State v. Jones*, 427 S.W.3d at 191. The Supreme Court declined to review Movant's claim for plain error because, based on corroborating facts in the record, she "failed to establish facially substantial grounds for believing that it was an evident, obvious, and clear error to admit her statements and that manifest injustice or a miscarriage of just has occurred." *Id.* at 197.

■■■ The motion court found that although the Supreme Court declined to re-

---

6. "[O]ut-of-court confessions, statements, or admissions by the accused are generally not admissible unless they are corroborated by independent evidence, either circumstantial or direct, showing the *corpus delicti* of the crime." *State v. Edwards*, 116 S.W.3d 511, 544 (Mo. banc 2003). In a homicide case, the *corpus delicti* requires proof of the death of the victim and evidence that the criminal agency of another person caused the death. *State v. Hayes*, 347 S.W.3d 676, 681 (Mo. App. E.D. 2011). "*Slight corroborating facts* are sufficient to establish the corpus delicti." *State v. Madorie*, 156 S.W.3d 351, 355 (Mo. banc 2005). However, uncorroborated statements that were improperly admitted into evidence are insufficient to sustain a conviction. *State v. Summers*, 362 S.W.2d 537, 542 (Mo. 1962).

view the claim for plain error, it nonetheless *did* "find that the state presented sufficient corroborating evidence to establish the *corpus delicti* ..., therefore making movant's statement admissible and movant's ... point moot." We agree. Our review of the Supreme Court's opinion indicates the Court examined the following corroborating evidence: The trial testimonies of first responders as to the crime scene and Movant's demeanor; Movant's own expert witness who testified S.J. died lying facedown; and S.J.'s pediatric neurologist who testified that S.J.'s seizure disorder was not life threatening, and that hospital staff and a Children's Division worker had instructed Movant on safe sleeping practices for newborns. In light of this evidence, the Court concluded "[b]ecause the state presented evidence that sufficiently established the *corpus delicti* of the murder offense ..., this Court affirms the judgment of the trial court." *Id.* at 193. Moreover, when, as here, "a plain error point was reviewed on direct appeal and the appellate court concluded that no error occurred, the issue cannot be relitigated in a post-conviction proceeding." *Shifkowski v. State*, 136 S.W.3d 588, 591 (Mo. App. S.D. 2004); *see also Ringo*, 120 S.W.3d at 746.

Furthermore, "post-conviction relief for ineffective assistance of counsel is limited to errors which prejudiced the defendant by denying [her] a fair trial." *State v. Thompson*, 955 S.W.2d 828, 831 (Mo. App. W.D. 1997) (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052). Here, Movant does not claim that trial counsels' inaction affected her right to a fair trial. Rather, she only argues that counsels' inaction affected her ability to appeal the conviction. In her motion, Movant asserts "[h]ad Counsel preserved this issue by arguing it at trial and placing it in a motion for new trial, this issue would have been

preserved, and Ms. Jones would not have been vulnerable to being denied plain error review ...." "The failure to preserve error for appellate review is not cognizable in a Rule 29.15 motion." *Strong v. State*, 263 S.W.3d 636, 646 (Mo. banc 2008); *see also Everage v. State*, 229 S.W.3d 99, 102–03 (Mo. App. W.D. 2007). Accordingly, we find the trial court did not err in denying Movant's claim without a hearing. Point III is denied.

## Point IV—Failure to Request Instruction of Endangering the Welfare of a Child

In Point IV, Movant argues the motion court erred in denying without a hearing her claim that counsels were ineffective for failing to submit a lesser-included offense instruction of second-degree endangering the welfare of a child, as a lesser-included offense for second-degree murder. Had counsels submitted the lesser-included offense instruction, Movant argues there is a reasonable chance she would have been convicted of the lesser offense. We disagree.

To prevail on this claim, Movant must show that had counsels made a timely request for an instruction for second-degree endangering the welfare of a child, the court would have given it. *See Jackson*, 433 S.W.3d at 396. A trial court is obligated to give an instruction on a lesser-included offense if: (1) a party timely requests the instruction; (2) there is a basis in the evidence for acquitting the defendant of the charged offense; *and* (3) there is a basis in the evidence for convicting the defendant of the *lesser-included offense* for which the instruction is requested. *Id.* (emphasis added).

In this case, the motion court specifically addressed whether second-degree endangering the welfare of a child is a lesser-included offense for second-degree mur-

der, pursuant to section 556.046.1 RSMo (2000).[7] The motion court found that endangering the welfare of a child in the second degree is neither a lesser degree of second-degree murder under subsection (2), nor does it consist of an attempt to commit second-degree murder under subsection (3). Thus, the motion court considered whether endangering the welfare of a child in the second degree was a lesser-included offense of murder in the second degree under subsection (1).

Pursuant to section 556.046(1), the reviewing court "focuses on the statutory elements of the offenses rather than upon the evidence actually adduced at trial." *State v. Polson*, 145 S.W.3d 881, 893 (Mo. App. W.D. 2004) (quoting *State v. McTush*, 827 S.W.2d 184, 188 (Mo. banc 1992)). Lesser-included offenses that are separated from the greater offense by one differential element for which the state bears the burden of proof are referred to as "nested" lesser-included offenses. *State v. Randle*, 465 S.W.3d 477, 479 (Mo. banc 2015). A "nested" lesser-included offense consists of a subset of the elements of the greater offense. *Id.* Consequently, it is impossible to commit the greater without necessarily committing the lesser. *Becker v. State*, 260 S.W.3d 905, 908 (Mo. App. E.D. 2008).

Here, Movant was convicted of second-degree murder. A person commits this offense when she "[k]nowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person." Section 565.021(1). However, a person commits the offense of endangering the welfare of a child in the second-degree if she "[w]ith criminal negligence acts in a manner that creates a substantial risk to the life, body or health of a child less than seventeen years of age." Section 568.050.1(1).

The motion court found second-degree endangering the welfare is not a lesser-included offense because "second-degree child endangerment contains an element—a child less than seventeen years old—that is not present in the offense of murder in the second degree." We agree.

Movant argues "what the [motion court] ignored is that due to the nature of the charges, the State had to prove the victim was under 17 for each cause." Movant contends, "It would not create a substantial danger on the life body or health of the vast majority of non-infants to place them asleep on their tummies near a pillow." We disagree. When determining whether a lesser-included offense is nested, the reviewing court does not look at the facts of the case; rather, it looks at the statutory elements of the offense. *Polson*, 145 S.W.3d at 893. Here, as the motion court properly concluded, the age of the victim is an element of child endangerment, whereas second-degree murder may be committed against any other person. *See Kilcrease v. State*, 479 S.W.3d 168, 174 (Mo. App. E.D. 2015). Thus, because Movant was not entitled to an instruction of second-degree endangering the welfare of

---

7. All further statutory references are to RSMo 2000, unless otherwise indicated. Section 556.046.1 defines lesser-included offenses, providing that:

1. A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when:

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(2) It is specifically denominated by statute as a lesser degree of the offense charged; or

(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

a child, we do not deem counsels ineffective for failing to request it. *See McKee*, 336 S.W.3d at 154. Accordingly, we find the motion court did not err in denying this claim without a hearing. Point IV is denied.

### Point V—Failure to Request the Removal of a Juror

▆ In Point V, Movant argues the trial court erred in denying her claim after a hearing that counsels were ineffective for failing to request the removal of a sleeping juror. Movant asserts the juror was "intermittently asleep" through Dr. Ophoven's testimony, which was "crucial evidence" laying out an alternative theory for S.J.'s death and the nature of her illness leading up to her death. Had counsels requested this juror be removed, Movant argues there was a reasonable chance he would have been removed, and there would have been a different verdict. We disagree.

During the testimony of Dr. Ophoven, trial counsel advised the court that a juror was intermittently sleeping. Specifically, at a bench conference outside the presence of the jury, the following colloquy occurred:

> **MS. HRITZ:** Juror number 1 has been sleeping over there for like a couple of minutes at a time. [The bailiff] told me I need to come up here and let you know in case he starts to doze to get him some water. He's been out for possibly a minute or two.
>
> **COURT:** His eyes have been closed.
>
> **MS. HRITZ:** Facing another direction completely, eyes closed, arms crossed facing another direction. I want to bring that to the Court's attention so if he does it again we can get him some water or something so he's paying attention. I realize the topic is not exactly easy to follow, but we need him paying attention.

Crane testified, during the evidentiary hearing, it was not her standard practice to request a mistrial at the first sign of an inattentive juror. She stated that her request for the bench conference was to ensure the court kept an eye on the juror. She testified, "[I]f I thought somebody was asleep for an extended period of time or incapable of paying attention to the evidence I would have asked for a mistrial or asked for them to be removed and have an alternate put in its place."

▆ We find the motion court did not err in denying Movant's claim because the mere allegation that a juror appeared to be sleeping is not sufficient to prove prejudice. *See Johnson v. State*, 406 S.W.3d 892, 906 (Mo. banc 2013); *State v. Ferguson*, 20 S.W.3d 485, 507–08 (Mo. banc 2000). The motion court found that while the court observed the juror with his eyes closed, it was unclear whether he was sleeping or inattentive. The court neither observed the juror "with his head down or fallen forward" nor was he snoring, and the court continued to monitor the juror. Moreover, Movant fails to identify what specific evidence the juror missed or what portion of Dr. Ophoven's testimony he did not hear, and only concluded he missed "crucial evidence." *See Vann v. State*, 26 S.W.3d 377, 381 (Mo. App. S.D. 2000). Accordingly, because Movant failed to prove either that the juror was sleeping or that she was prejudiced, we find the trial court did not err in denying this claim. Point V is denied.

### Conclusion

We find the motion court did not err in denying Movant's Rule 29.15 motion and affirm.

Robert G. Dowd, Jr., J., and Lisa Van Amburg, J., Concur.