Nancy Steffen Rahmeyer, P.J.
Christopher G. Yaeger ("Movant") appeals the denial, after an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief.[1] In two points, Movant contends that the motion court clearly erred in: (1) rejecting Movant's claim that trial counsel was "ineffective for failing to request a curative instruction when a State's witness disclosed [Movant] had an outstanding probation warrant" and "as a result thereof, [Movant] was prejudiced"; and (2) rejecting Movant's claim that trial counsel was "ineffective for failing to request the lesser-included instruction for the class B felony of robbery in the second-degree instruction" because there was a "reasonable probability the jury would have acquitted [Movant] of the greater offenses [sic] of robbery in the first-degree." There is no merit to either point; we affirm the judgment.
To demonstrate ineffective assistance of counsel, a movant must show that counsel's performance (1) "did not conform to the degree of skill, care, and diligence of a reasonably competent attorney[,]" and (2) "that movant was thereby prejudiced." Skillicorn v. State , 22 S.W.3d 678, 681 (Mo. banc 2000) (internal quotations omitted); see also Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When assessing performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[,]" and to establish the necessary prejudice, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."
*435 Strickland , 466 U.S. at 689, 694, 104 S.Ct. 2052.
We review a denial of post-conviction relief to determine "whether the motion court's findings and conclusions are clearly erroneous." Eastburn v. State , 400 S.W.3d 770, 773 (Mo. banc 2013) ; see also Gehrke v. State , 280 S.W.3d 54, 56 (Mo. banc 2009). "The motion court's findings and conclusions are clearly erroneous only if, after the review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." Soto v. State , 226 S.W.3d 164, 166 (Mo. banc 2007). The motion court's findings and conclusions are presumed to be correct. Davis v. State , 486 S.W.3d 898, 905 (Mo. banc 2016).
Facts
On January 20, 2012, shortly after midnight, Victim heard a knock on the door. Victim assumed it was a neighbor by the name of Michael who usually checked on her at night to make sure she was okay.[2] When Victim opened the door, she saw the person she identified later as Movant; she tried to shut the door but Movant kicked it open. Movant then struck Victim's arm with the dull backside of a machete blade. Movant told Victim that he wanted "[m]oney and dope[;]" however, Victim said she did not have any. After assaulting Victim several times, Movant took a black bag full of items belonging to Victim. Victim later identified Movant in a photo lineup.
Point I
Movant contends that the trial court clearly erred in finding that trial counsel was not ineffective for failing to request a curative instruction when a State's witness disclosed Movant had an outstanding probation warrant. Movant is mistaken that the State's witness disclosed Movant actually had an outstanding probation warrant. What Officer David Shanholtzer testified, when asked how Movant was apprehended, was that Officer Shanholtzer went to an impound lot to investigate "a possible DWI" by April Alasbahi. He then testified that another detective had contacted him and "advised that April Alasbahi is known to associate with a subject named Christopher Yaeger who had a possible probation warrant[.]" An objection was made but the court did not rule on the objection. Although it is well established that "proof of the commission of separate and distinct crimes is not admissible, unless such proof has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial[,]" State v. Reese , 364 Mo. 1221, 274 S.W.2d 304, 307 (Mo. banc 1954) (internal quotations omitted), here, there is no such testimony to that effect. The worst that can be said is that there was an inference that could have been made that Movant may have been on probation.
Furthermore, Movant's trial counsel testified that while he objected to the testimony regarding Movant's possible probation warrant, he did not ask the trial court to make a specific ruling on the objection or ask for a curative instruction because he did not "want to point it out to a jury that a defendant has prior convictions." Trial counsel further testified that he did not want to call the jury's attention to Movant's criminal history, nor did he want to dwell on the issue of a curative instruction. In certain circumstances, it is reasonable for trial counsel not to ask for a limiting or curative instruction due to a fear of highlighting evidence that is not beneficial to the defendant. See Hill v. State , 532 S.W.3d 744, 748 (Mo.App. E.D. 2017) (trial counsel did not object and request a curative *436 instruction partly to avoid drawing attention to the victim's statements about defendant's prior acts of violence); see also Morris v. State , 763 S.W.2d 327, 332-33 (Mo.App. E.D. 1988) (trial counsel did not request a curative instruction because trial counsel did not want to emphasize improper evidence of a codefendant's conviction); Williams v. State , 712 S.W.2d 404, 407 (Mo.App. W.D. 1986) (trial counsel did not submit an instruction limiting the jury's consideration of evidence of uncharged crimes because it would only highlight and reinforce the evidence of other crimes in the minds of the jury). Given the fleeting and non-specific nature of the testimony, it was reasonable for counsel to conclude that it was better, on balance, not to highlight the testimony by drawing the jury's attention back to it. Point I is denied.
Point II
Movant contends that the trial court erred in finding that trial counsel was not ineffective for failing to request the lesser-included instruction for the class B felony of robbery in the second-degree instruction.[3] At the evidentiary hearing, trial counsel testified that he did not seek a lesser-included instruction because the defense was pursuing an alibi defense. Trial counsel explained that it did not make sense to request a lesser-included offense since they were arguing that Movant did not commit the crime. In fact, trial counsel announced at the very beginning that it was an "alibi" case and that Victim was a liar.
Movant claims that Supreme Court cases State v. Jackson , 433 S.W.3d 390 (Mo. banc 2014), State v. Pierce , 433 S.W.3d 424 (Mo. banc 2014), and McNeal v. State , 412 S.W.3d 886 (Mo. banc 2013), clearly indicate that a lesser-included offense must be given. We agree that the cases indicate that the lesser-included offense must be given if requested; however, our Supreme Court has not indicated that a lesser-included offense must be given in every case. Particularly, McNeal v. State , 500 S.W.3d 841, 844 (Mo. banc 2016), supports a finding of the objectively reasonable strategy not to request an instruction on a lesser-included offense. In that case, trial counsel was not ineffective in failing to request a lesser-included offense. Id. at 845.
To hold otherwise would undermine a defendant's right to an "all-or-nothing" strategy. The decision not to request a lesser-included offense instruction may be "a tactical decision usually based on the belief-often a reasonable one-that the jury may convict of the lesser offense, if submitted, rather than render a not guilty verdict on the higher offense if the lesser is not submitted." Hendrix v. State , 369 S.W.3d 93, 100 (Mo.App. W.D. 2012) (internal quotations and citation omitted). "Counsel has no duty to request an instruction that would undermine the defense theory presented at trial." Jones v. State , 514 S.W.3d 72, 81 (Mo.App. E.D. 2017). The decision to pursue an "all-or-nothing" defense has been consistently upheld as reasonable trial strategy. See , e.g. , *437 Jones , 514 S.W.3d at 81 ; Love v. State , 670 S.W.2d 499, 502 (Mo. banc 1984) ; Oplinger v. State , 350 S.W.3d 474, 477-78 (Mo.App. S.D. 2011) ; McCrady v. State , 461 S.W.3d 443, 450 (Mo.App. E.D. 2015). Counsel will not be deemed ineffective "for seeking to employ the best defense for his client by not offering the jury a middle ground for conviction." Love , 670 S.W.2d at 502. Here, counsel clearly pursued an all-or-nothing defense. Point II is denied.
The judgment is affirmed.
Jeffrey W. Bates, J.-Concurs
William W. Francis, Jr., J.-Concurs

The underlying conviction was for robbery in the first degree. See section 569.020. Unless otherwise indicated, all statutory references are to RSMo 2000, and all rule references are to Missouri Court Rules (2017).

Victim had several health issues which involved her taking several medications.

Section 569.020 states, in part:
A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,
(1) Causes serious physical injury to any person; or
(2) Is armed with a deadly weapon; or
(3) Uses or threatens the immediate use of a dangerous instrument against any person; or
(4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.
Section 569.030 states, in pertinent part, "A person commits the crime of robbery in the second degree when he forcibly steals property."