

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| DEMARCO McCRADY, | ) | No. ED101174 |
| | ) | |
| Movant/Appellant, | ) | |
| | ) | Appeal from the City of St. Louis |
| vs. | ) | Circuit Court |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Robin R. Vannoy |
| | ) | |
| Respondent. | ) | Filed: March 17, 2015 |

### Introduction

Demarco McCrady (Movant) appeals the denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. Movant claims the motion court clearly erred in denying his motion because his trial counsel was ineffective for (1) failing to make an objection based on an alleged violation of the Fifth Amendment privilege against self-incrimination; and (2) failing to request a lesser-included offense instruction for second-degree assault. We affirm.

### Factual Background

Viewed in the light most favorable to the verdict, the evidence adduced at trial shows that on the evening of August 6, 2008, a group of teenagers (A.B., T.B., and M.W.) and a few younger children were walking along the sidewalk in their neighborhood. A friend, D.C., joined

the group, riding along on a bicycle. Between 9 p.m. and 10 p.m., a car occupied by Movant and three others drove past the group. When the car was about eight yards away, Movant leaned out of the passenger side window with a gun and fired several shots towards the group. One of the bullets struck T.B. in her thigh. T.B.'s companions carried her to a friend's house and contacted police. Officers patrolling in the area located the suspect vehicle and attempted to stop it, but the car sped away. When the car finally came to a stop in a nearby alley, Movant exited the vehicle and began running. As Movant was fleeing the scene, one of the officers observed Movant grab a gun from underneath his shirt and throw it on the ground. Following a foot chase with police, Movant was apprehended and arrested.

The State charged Movant with unlawful use of a weapon, four counts of first-degree assault, five counts of armed criminal action, and one count of resisting arrest by fleeing. Following a jury trial, Movant was found guilty on all counts and sentenced to a total of twenty years' imprisonment, with all sentences to run concurrently. On direct appeal, this Court affirmed his convictions in *State v. McCrady*, 364 S.W.3d 709 (Mo. App. E.D. 2012). Movant subsequently filed a *pro se* Rule 29.15 motion for post-conviction relief. Appointed counsel filed an amended motion, alleging that trial counsel was ineffective for failing to object based on an alleged Fifth Amendment violation and failing to submit a lesser-included offense instruction for second-degree assault. Following an evidentiary hearing, the motion court denied Movant's post-conviction motion. This appeal followed.

## Standard of Review

Appellate review of the denial of a motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). A motion court's judgment will be overturned only if, after reviewing

2

the entire record, we are left with a definite and firm impression that a mistake has been made. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). "[T]he motion court's findings are presumed correct." *Id.*

To be entitled to post-conviction relief for ineffective assistance of counsel, the movant must show that (1) his trial counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would exercise in a similar situation; and (2) that the alleged error resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). Both of *Strickland's* prongs must be shown to prove that counsel was ineffective. *Zink*, 278 S.W.3d at 175. The movant must overcome the strong presumption that counsel's actions were reasonable and effective. *Id.* To show prejudice, the movant must demonstrate that, absent the alleged errors by counsel, there is a reasonable probability that the outcome would have been different. *Id.* at 176.

## Discussion

### *Point I: Failure to Object*

In his first point, Movant claims the motion court clearly erred in denying his post-conviction motion because his attorney was ineffective for failing to object and challenge the trial court's ruling requiring State's witness, Mark Hunt, to testify, despite indicating that he wished to assert his Fifth Amendment privilege against self-incrimination. In response, the State counters that trial counsel was not ineffective for failing to object and challenge the trial court's ruling because Movant has no standing to object to an alleged violation of Mr. Hunt's Fifth Amendment right. We agree.

The Fifth Amendment's privilege against self-incrimination is a personal right that may only be affirmatively claimed by the witness, not a third party.[1]  *State v. Winrod*, 68 S.W.3d 580, 590 (Mo. App. S.D. 2002) (citing *State v. Ohmes*, 675 S.W.2d 681, 683 (Mo. App. W.D. 1984)).  As such, a criminal defendant has no standing to object to an alleged violation of another person's Fifth Amendment privilege against self-incrimination. *State v. Benson*, 633 S.W.2d 200, 202 (Mo. App. E.D. 1982).  Even where the trial court does not grant a witness his constitutional immunity, a defendant has no basis on which to complain unless his own Fifth Amendment rights have been violated.  *See State v. Phillips*, 511 S.W.2d 841, 845 (Mo. 1974).

The record shows that during a trial recess, the trial court explained to the State's witness, Mark Hunt, (who had not yet taken the stand) that the State and defense counsel would question him and he would then be discharged.  When asked if he had any issues or problems with answering questions, Mr. Hunt responded that he wished to "plead the Fifth."  The court asked for clarification "as to what?" and Mr. Hunt replied, "as to this, all of it. I don't want to talk about it."  After explaining to Mr. Hunt that "not wanting to talk about it" was not a Fifth Amendment right, especially since he had not been charged, the trial court informed him that he would be required to answer questions, and that if he failed to do so, he could be held in contempt.  At trial, Mr. Hunt testified that at the time of the shooting, he was a passenger in the backseat of the car and that Movant was in the front passenger seat, that someone in the car had a gun, and that shots were fired.  Mr. Hunt also acknowledged that following the shooting, he told police that Movant fired the shots.  Movant claims that because Mr. Hunt's testimony was

---

[1] The privilege against self-incrimination is guaranteed by the Fifth Amendment to the United States Constitution and Article I, § 19 of the Missouri Constitution. The privilege protects an individual from being an involuntary witness against himself in any criminal or civil proceeding where his answers might incriminate him in a future criminal proceeding.  *State ex rel. Munn v. McKelvey*, 733 S.W.2d 765, 768 (Mo. banc 1987).

4

"generally hurtful" to his case, trial counsel should have objected and challenged the trial court's ruling as a violation of Mr. Hunt's Fifth Amendment right not to testify.

The motion court found that Movant's claim lacked merit because he did not argue that his own rights were violated, but instead alleged that Mr. Hunt's Fifth Amendment rights were violated. The court concluded that because the Fifth Amendment privilege against self-incrimination is a personal right of the witness, Movant had no basis upon which to complain because his own Fifth Amendment right was not violated. The court further found that to the extent to which Movant argued that the trial court's ruling was incorrect, that would be an issue for direct appeal, not a post-conviction proceeding.

The record supports the motion court's findings. At the evidentiary hearing, trial counsel explained that she declined to object to the trial court's ruling (requiring Mr. Hunt to testify) because counsel believed that the ruling was correct and because she did not represent Mr. Hunt. Counsel also testified that she did not challenge the ruling because she did not believe that Movant had a valid basis on which to assert an alleged Fifth Amendment violation since Movant's own Fifth Amendment rights were not violated.

Because the privilege against self-incrimination is a personal right that may only be claimed by the witness, a defendant has no grounds upon which to complain unless his own Fifth Amendment rights were violated. *See Winrod*, 68 S.W.3d at 590. Here, Movant does not assert that his own Fifth Amendment rights were violated by the court's ruling. Rather, he complains that Mr. Hunt's privilege against self-incrimination was violated. Under the facts presented, this privilege was personal to Mr. Hunt, and therefore could only be claimed by him. Movant has no basis on which to complain of an alleged violation of Mr. Hunt's right against self-incrimination. *See id*. Even if the trial court's ruling was improper, which we do not decide, Movant would

still have no standing to challenge the court's decision based on an alleged Fifth Amendment violation. *See Phillips*, 511 S.W.2d at 845. As such, an objection by counsel on this ground would have been futile. Counsel will not be deemed ineffective for failing to make a meritless objection at trial. *See State v. Clay*, 975 S.W.2d 121, 136 (Mo. banc 1998). The motion court did not clearly err in denying this claim. Point I is denied.

### *Point II: Failure to Submit Lesser-Included Offense Instruction*

In his second point, Movant contends that the motion court clearly erred in denying post-conviction relief because his trial counsel was ineffective for failing to submit an instruction on Counts V and VII for the class C felony of second-degree assault, as a lesser-included offense of first degree assault.[2] In response, the State asserts that the motion court did not clearly err in denying this claim because trial counsel's decision not to request a lesser-offense instruction for second-degree assault was reasonable trial strategy and counsel had no duty to request an instruction that would undermine the defense theory at trial. We agree.

To prevail on a claim that counsel was ineffective assistance for failing to request a lesser-included offense instruction, the movant must show that the evidence would have required the trial court to submit the instruction had one been requested, that the decision not to request the instruction was not reasonable trial strategy, and that prejudice resulted. *Jackson v. State*, 205 S.W.3d 282, 285 (Mo. App. E.D. 2006). Trial counsel is presumed effective and the movant has the burden to show otherwise. *Oplinger v. State*, 350 S.W.3d 474, 477 (Mo. App. S.D. 2011). Even where the evidence supports the submission of a lesser-included offense instruction, Movant must still overcome the presumption that counsel's decision not to request the instruction was reasonable trial strategy. *See id*.

---

[2] The first-degree assault instructions submitted to the jury on Counts V and VII required a finding that Movant knowingly caused or attempted to cause serious physical injury to M.W. and A.B., respectively.

The motion court found that counsel's decision not to request a lesser-offense instruction for second-degree assault was a tactical decision and that counsel had no duty to request an instruction that would undermine the defense theory, which in this case, was that Movant was innocent of the crimes. The motion court also found that it was doubtful that a lesser-offense instruction was warranted under the facts of the case and that given the strength of the evidence to support Movant's guilt of the greater offense of first-degree assault, "it cannot be reasonably said that [M]ovant suffered prejudice."

Movant claims the motion court clearly erred in denying his claim because there was evidence to support a second-degree assault instruction and the jury could have found that he "acted to cause serious physical injury [to M.W. and A.B.] by means of a deadly weapon or dangerous instrument." For this reason, movant asserts that the trial court would have been required to submit a lesser-offense instruction, had it been requested. In support, Movant cites *State v. Jackson*, 433 S.W.3d 390 (Mo. banc 2014). In *Jackson*, the defendant appealed after being convicted of first-degree robbery, arguing that the trial court erred in refusing his request for an instruction on second-degree robbery, as a lesser-included offense of first-degree robbery. 433 S.W.3d at 391. The trial court refused to submit the instruction in finding there was no basis in evidence for a reasonable juror to determine that the victim did not believe the defendant had a gun during the robbery. *Id*. at 392. The sole issue before the Court was whether the trial court could refuse to submit a lesser-offense instruction requested by the defendant under § 556.046 where the lesser-offense consisted of a subset of the elements of the charged offense, *i.e.*, a "nested" lesser-offense, and where the state bore the burden of proof on the differential element. *Id*. The Court found that because the jury did not have to believe any of the evidence and did not have to infer that the victim believed anything, reasonably or otherwise, there was a basis in

the evidence for the jury to find that the victim did not reasonably believe that a gun was used during the robbery. *Id.* As such, the Court concluded that the trial court erred in refusing to instruct the jury on second-degree robbery "based solely on its view of what evidence a reasonable juror must believe or what inferences a reasonable juror must draw." *Id.*

While *Jackson* clearly applies to claims of trial court error in cases where the court has refused to submit an instruction requested under § 556.046, it does not address the issue before this Court, namely, counsel's decision not to request a lesser-included offense instruction as part of reasonable trial strategy in a post-conviction proceeding. *Jackson* is therefore inapplicable.

Movant also relies on *McNeal v. State*, 412 S.W.3d 886 (Mo. banc 2013). In *McNeal*, the movant filed a post-conviction motion following his convictions for burglary and stealing, alleging that his trial counsel was ineffective for failing to request a trespass instruction as a lesser-included offense of burglary. 412 S.W.3d at 888. The motion court denied the motion without an evidentiary hearing. *Id.* On appeal, the issue before the Court was whether the movant was entitled to an evidentiary hearing. *Id.* at 889. Finding that movant's claims were not clearly refuted by the record, the Court concluded that the movant was entitled to an evidentiary hearing and remanded the case for a determination on the merits. *Id.* at 893.

Unlike the instant case, the defense strategy in *McNeal* was not based on an "all-or-nothing" defense and the movant's attorney did not argue that he was innocent. *Id.* at 891. Instead, counsel raised the possibility that the movant had committed a trespass offense, but then failed to request an instruction on that theory. *Id.* The Court found that a trespass instruction would have been consistent with the evidence and counsel's argument. *Id.* Although finding that the movant's burglary conviction did not foreclose all possibility that he could have been found guilty of trespass, had the jury been so instructed, the *McNeal* Court specifically noted that

8

"[t]he jury's decision may make it difficult for a post-conviction movant to prove prejudice." *Id.* at 892.

Even assuming without deciding that the evidence supported the submission of an instruction for second-degree assault, Movant fails to overcome the presumption that counsel's decision not to request the instruction was reasonable trial strategy. An objectively reasonable choice by counsel not to submit an instruction does not constitute ineffective assistance of counsel. *Oplinger*, 350 S.W.3d at 477. The decision not to request a lesser-offense instruction may be "a tactical decision usually based on the belief — often a reasonable one — that the jury may convict of the lesser offense, if submitted, rather than render a not guilty verdict on the higher offense if the lesser is not submitted. *Thompson v. State*, 437 S.W.3d 253, 260 (Mo. App. W.D. 2014). Counsel has no duty to request an instruction that would undermine the defense theory presented at trial. *Id.* at 261 (citation and quotation omitted); *Williamson v. State*, 400 S.W.3d 902, 904 (Mo. App. E.D. 2013). A decision by counsel not to offer the jury a "middle ground" for conviction by requesting a lesser-offense instruction does not constitute ineffectiveness. *See Jackson*, 205 S.W.3d at 286 (counsel cannot be deemed ineffective for seeking to employ the best defense by not offering a middle ground for conviction).

Movant complains that trial counsel's decision not to submit a lesser-offense instruction on Counts V and VII was "not objectively reasonable" because counsel believed that he would likely be convicted if he proceeded to trial. However, counsel's prediction regarding the possible outcome of the case does not demonstrate that counsel's trial strategy was unreasonable. To the contrary, the record indicates that counsel chose not to request a second-degree assault instruction because it would have been inconsistent with the defense strategy at trial. At the evidentiary hearing, counsel explained that she had discussed with Movant the charges, range of

9

punishment, possible arguments, and defense strategies. Counsel also testified that they discussed whether to consider any lesser-included offenses, but decided against it because the defense theory was that Movant did not commit the shooting. In addition, counsel said they had discussed the possibility of making an offer to the State, but that Movant had given her a ten-year limit regarding the number of years that he would accept. Counsel explained that after discussing the matter, Movant wanted to go with an "all-or-nothing" defense and seek an acquittal. The decision to pursue an "all-or-nothing" defense strategy has been consistently upheld as reasonable trial strategy. *See, e.g., Love v. State*, 670 S.W.2d 499, 502 (Mo. 1984); *Oplinger*, 350 S.W.3d at 477; *Brock v. State*, 242 S.W.3d 430, 434 (Mo. App. W.D. 2007). Here, the choice not to request a lesser-offense instruction that would have been inconsistent with the defense theory was a reasonably strategic decision.

We also reject Movant's assertion that his trial counsel's decision not to request a second-degree assault instruction was unreasonable because counsel acknowledged that it would have been possible to request a lesser-offense instruction and still present an "all-or-nothing" defense at trial. Counsel will not be deemed ineffective for seeking to employ the best defense for his client by not offering the jury a middle ground for conviction. *See Jackson*, 205 S.W.3d at 286 (citation and quotation omitted). As noted, counsel chose not to request a lesser-offense instruction because the defense theory was that Movant did not commit the shooting, not that he "did it some other way." Counsel also believed that it would have been difficult to argue that Movant did not commit the shooting and also argue for a lesser offense that was inconsistent with the defense theory, and which would have been an admission that Movant committed the crimes and provided the State with another opportunity to convict.

10

Given the defense theory presented at trial – that Movant was innocent and did not commit the shooting – requesting an instruction for second-degree assault would have been inconsistent with this defense. *See, e.g., Love*, 670 S.W.2d at 501. Counsel had no duty to request an instruction that would have undermined the entire defense theory. *See McKee v. State*, 336 S.W.3d 151, 154 (Mo. App. E.D. 2011). Thus, counsel was not ineffective for declining to offer the jury a middle ground for conviction. *See Jackson*, 205 S.W.3d at 286. Accordingly, Movant has failed to show that counsel's decision not to request a lesser-offense instruction on Counts V and VII was anything other than reasonable trial strategy.[3] The motion court did not clearly err in denying this claim. Point II is denied.

## Conclusion

For the foregoing reasons, the motion court's judgment is affirmed.

_____
Philip M. Hess, Judge

Sherri B. Sullivan, P.J. and
Mary K. Hoff, J. concur.

---

[3] We also note that Movant fails to demonstrate that the outcome of the trial would have been different had a lesser offense instruction been submitted on Counts V and VII. Other than his conclusory assertion that he was prejudiced by the alleged error, Movant fails to specify or explain how he was prejudiced. Nor does he demonstrate that he would have been acquitted of first-degree assault and convicted of second-degree assault. As the record reflects, the jury had the opportunity to convict Movant of a lesser offense under Count IX, but instead found him guilty of the greater offense of first-degree assault.

11