Angela T. Quigless, J.
Ryan H. Hudson ("Movant") appeals from the judgment of the motion court, denying his Rule 29.15[1] post-conviction relief motion following an evidentiary hearing. On appeal, Movant argues the motion court clearly erred in denying his post-conviction relief motion because he proved by a preponderance of the evidence that trial counsel were ineffective for failing to request lesser-included offense instructions and failing to call his father as a defense witness. Finding no error, we affirm.
Factual and Procedural History
Viewed in the light most favorable to the judgment, the following evidence was presented at trial. In the early morning of January 5, 2013, two masked men broke into the home of Janis Brigulio ("Ms. Brigulio") and Bonita Stevens ("Ms. Stevens"). The men held the women at gunpoint, and stole approximately $5,000 in cash and several thousand dollars in jewelry. The two men returned twelve days later on January 17, and entered the house through a second-story window. The men again held the women at gunpoint, and ransacked the house for cash and jewelry.
Ms. Brigulio and Ms. Stevens owned Attitudes nightclub. On the night of the first robbery, the bartender had just delivered the night's cash revenue to the women's house. The robbers specifically demanded the cash and called the women by their names. The day before the second robbery, another employee, Marcus Love ("Mr. Love"), had removed exterior Christmas lights from the second-story window of the house. Mr. Love's son, Dontray, and Movant were school acquaintances. Mr. Love sold drugs to Movant on credit, and Movant owed him $2,000.
Detectives Dohr and Garcia investigated the case. Dontray implicated Movant in both robberies, and pawn shop receipts showed Movant pawned the stolen jewelry. Movant was subsequently arrested. During the first police interview, Movant denied any involvement in the robberies. However, when shown the pawn shop receipts, Movant stated Dontray gave him the jewelry to pawn so Movant could pay off his drug debt. The interrogation ended. About ninety minutes later, Movant volunteered to "come clean" and agreed to make a statement. The detectives read Movant his Miranda[2] rights, and Movant signed a *837 waiver and consented to a recorded interview. Movant ultimately confessed to both robberies.
The State charged Movant with four counts of first-degree robbery, four counts of kidnapping, eight counts of armed criminal action, and two counts of first-degree burglary. Prior to trial, the State filed a nolle prosequi as to one count of robbery and the associated count of armed criminal action. At trial, Movant presented an innocence defense. While Movant admitted Dontray gave him the jewelry to pawn, Movant testified he was not involved in the robberies nor did he know the jewelry was stolen. Movant testified he only confessed because Detective Garcia hit him in the nose and stomach, and the detectives told him what to say in the second recorded interview. Ultimately, the jury found Movant guilty on all counts. The trial court sentenced Movant to twenty years on each of the first-degree robbery and armed criminal action counts, and fifteen years on each of the kidnapping and first-degree burglary counts, all to run concurrently for a total sentence of twenty years.
This Court affirmed Movant's convictions and sentences on direct appeal. State v. Hudson , 488 S.W.3d 144 (Mo. App. E.D. 2016). Prior to our mandate, Movant prematurely filed his pro se Rule 29.15 post-conviction relief motion. Movant's motion was held open pending the conclusion of the direct appeal. Thereafter, post-conviction counsel entered her appearance and requested an additional thirty days to file an amended motion, which the motion court granted. Post-conviction counsel timely filed an amended motion, alleging trial counsel were ineffective for failing to request an instruction on second-degree robbery as a lesser-included offense for each of the first-degree robbery counts, and for failing to request instructions on second-degree burglary and first-degree trespass as lesser-included offenses for each of the first-degree burglary counts. Movant also alleged trial counsel were ineffective for failing to interview, investigate, and subpoena his father, Henry Hudson ("Mr. Hudson"), because Mr. Hudson's testimony would have aided Movant's defense that his confession was the result of being physically assaulted by Detective Garcia. Movant asserted Mr. Hudson would have testified he observed a cut on Movant's nose a few days after the police interview, which had not been there prior to the interview. The motion court granted Movant's request for an evidentiary hearing. Following the hearing, the motion court entered its findings of fact, conclusions of law, and order, denying Movant's post-conviction relief motion. This appeal follows.
Points on Appeal
Movant raises two points on appeal. Movant argues the motion court clearly erred in denying his post-conviction relief motion following an evidentiary hearing because he proved by a preponderance of the evidence that trial counsel were ineffective for (1) failing to request an instruction on second-degree robbery as a lesser-included offense for each of the first-degree robbery counts, and failing to request instructions on second-degree burglary and first-degree trespass as lesser-included offenses for each of the first-degree burglary counts; and (2) failing to call Mr. Hudson as a defense witness when counsel had notice that Mr. Hudson was aware of Movant's physical condition on the days surrounding his arrest and confession.
Standard of Review and Applicable Law
Appellate review of decisions under Rule 29.15 is limited to whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule *838 29.15(k); Moore v. State , 328 S.W.3d 700, 702 (Mo. banc 2010). On review, the motion court's findings are presumed correct. Vaca v. State , 314 S.W.3d 331, 334 (Mo. banc 2010). Findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with a definite and firm impression that a mistake has been made. Moore , 328 S.W.3d at 702.
To prevail on a claim of ineffective assistance of counsel, the movant must satisfy a two-prong test: (1) the movant must demonstrate that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and (2) the movant must demonstrate that trial counsel's deficient performance prejudiced him. Worthington v. State , 166 S.W.3d 566, 572-73 (Mo. banc 2005) (citing Strickland v. Washington , 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). To satisfy the first prong, the movant must overcome a strong presumption that trial counsel provided competent representation by pointing to specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance. Anderson v. State , 196 S.W.3d 28, 33 (Mo. banc 2006). To satisfy the second prong, the movant must demonstrate that, absent the claimed errors, there is a reasonable probability that the outcome would have been different. Id. If either prong is not met, then we need not consider the other, and the claim of ineffective assistance must fail. Barnes v. State , 506 S.W.3d 407, 410 (Mo. App. E.D. 2016).
Discussion
Point I-Lesser-Included Offense Instructions
In Point I, Movant argues the motion court clearly erred in denying his post-conviction relief motion following an evidentiary hearing because he proved by a preponderance of the evidence that trial counsel were ineffective for failing to request an instruction on second-degree robbery as a lesser-included offense for each of the first-degree robbery counts, and failing to request instructions on second-degree burglary and first-degree trespass as lesser-included offenses for each of the first-degree burglary counts. Had the jury been instructed on these lesser-included offenses, Movant argues there is a reasonable probability he would have been acquitted of the first-degree robbery and first-degree burglary counts. We disagree.
To establish ineffective assistance of counsel for failing to request an instruction for a lesser-included offense, the movant must show: (1) the evidence would have required an instruction on the lesser-included offense had it been requested; (2) the decision not to request the instruction was not part of a reasonable trial strategy; and (3) the movant was prejudiced by counsel's failure. Lynch v. State , 551 S.W.3d 70, 75 (Mo. App. E.D. 2018). Trial counsel is presumed effective, and the movant bears the burden to prove otherwise. Jones v. State , 514 S.W.3d 72, 80 (Mo. App. E.D. 2017).
We find Movant fails to overcome the presumption that counsels' decision not to request the lesser-included offense instructions was anything other than reasonable trial strategy. "An objectively reasonable choice by counsel not to submit an instruction does not constitute ineffective assistance of counsel." McCrady v. State , 461 S.W.3d 443, 449-50 (Mo. App. E.D. 2015). The decision not to request a lesser-included instruction may be "a tactical decision usually based on the belief-often a reasonable one-that the jury may convict of the lesser offense, if submitted, rather than render a not guilty verdict on *839 the higher offense if the lesser is not submitted." Thompson v. State , 437 S.W.3d 253, 260 (Mo. App. W.D. 2014). Counsel has no duty to request an instruction that would undermine the defense theory presented at trial. Williamson v. State , 400 S.W.3d 902, 904 (Mo. App. E.D. 2013).
Here, Ryan Smith ("Mr. Smith") and Daniel Brown ("Mr. Brown"), Movant's trial counsel, testified at the evidentiary hearing. Mr. Smith testified that Movant's defense at trial was that he "was not present" and "was not involved" in the crimes. Instead, Movant would buy items and then pawn them. Mr. Smith testified he, Mr. Brown, and Movant discussed whether to offer lesser-included offense instructions. Movant ultimately made the decision not to offer the instructions because he "did not want the appearance of guilt, as he put it." Mr. Smith testified he agreed with this strategy. Additionally, Mr. Brown testified Movant was adamant he was not involved in the crimes, and counsel believed the evidence supported Movant's innocence. Mr. Brown testified they employed a "swing for the fences" strategy and offering lesser-included offense instructions would not have fit with this strategy. Moreover, at the hearing, Movant testified he was not guilty of the crimes and only "guilty of receiving a jewelry (sic), stolen property."
Given counsels' "swing for the fences" strategy, as well as Movant's unwavering declarations of innocence, requesting lesser-included offense instructions for the counts of first-degree robbery and first-degree burglary would have been inconsistent with this defense. " 'All-or-nothing' defenses have been upheld as sound trial strategy." Watson v. State , 520 S.W.3d 423, 436 (Mo. banc 2017) ; see also McKee v. State , 336 S.W.3d 151, 154 (Mo. App. E.D. 2011) ; Love v. State , 670 S.W.2d 499, 502 (Mo. banc 1984). Counsels' testimony also established it was Movant's decision not to offer the instructions. No matter how ill-fated it may appear in hindsight, a reasonable choice of trial strategy cannot serve as a basis for a claim of ineffective assistance of counsel. Woods v. State , 458 S.W.3d 352, 362 (Mo. App. W.D. 2014). Although Movant testified he did not recall having a conversation with counsel about whether to submit lesser-included offense instructions, the motion court found trial counsels' testimony more credible, and we defer to its credibility determinations. See Flenoy v. State , 446 S.W.3d 297, 303 (Mo. App. W.D. 2014) ("Determinations concerning credibility are exclusively for the motion court and it is free to believe or disbelieve any evidence, whether contradicted or undisputed.").
Accordingly, we find the motion court did not clearly err in denying Movant's claim because counsel were not ineffective for failing to offer lesser-included offense instructions. Point I is denied.
Point II-Failure to Call a Witness
In Point II, Movant argues the motion court clearly erred in denying his post-conviction relief motion following an evidentiary hearing because he proved by a preponderance of the evidence that trial counsel were ineffective for failing to call his father, Mr. Hudson, as a witness when counsel had notice that Mr. Hudson was aware of Movant's physical condition on the days surrounding his arrest and confession. At trial, Movant presented an innocence defense, and testified he only confessed to the crimes because Detective Garcia hit him in the nose and stomach. Movant asserts Mr. Hudson would have testified he observed a cut on Movant's nose a few days after the police interview, which had not been there prior to the interview. Had the jury heard Mr. Hudson's testimony, Movant argues there is a reasonable probability it would have found *840 his confession was coerced and acquitted him of all charges. We disagree.
To establish ineffective assistance of counsel for failing to call a witness at trial, the movant must demonstrate: (1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense. Hurst v. State , 301 S.W.3d 112, 117 (Mo. App. E.D. 2010) (citing Williams v. State , 168 S.W.3d 433, 441 (Mo. banc 2005) ).
The motion court found Movant's claim was without merit because trial counsel testified Movant never provided the name of Mr. Hudson as a potential witness. We agree. "If counsel has no notice a witness exists, he is not ineffective if he fails to call that witness to testify." Robinson v. State , 643 S.W.2d 8, 10 (Mo. App. E.D. 1982). Here, Mr. Smith testified Movant provided a list of potential defense witnesses, which included his mother, two girlfriends, and employees of the pawnshop, however, Mr. Hudson's name was not on the list. Movant never asked counsel to interview or investigated Mr. Hudson nor did Movant tell counsel that Mr. Hudson would be willing and able to testify on his behalf. Mr. Smith testified Movant's mother had discussed Mr. Hudson in a conversation "on a financial level but not in regard to testifying as a witness." Similarly, Mr. Brown testified Movant did not ask counsel to interview or investigate Mr. Hudson either prior to or during trial. Mr. Brown testified, "Had we known or had we been told he had anything relevant to add, we certainly would have used that in the case[.]" Both Mr. Smith and Mr. Brown testified that the first time they heard anything about Mr. Hudson as a potential witness was when Movant filed his post-conviction relief motion. Although Movant gave conflicting testimony that he told counsel to call Mr. Hudson at trial, the motion court was free to disbelieve Movant's testimony, and, again, we defer to its credibility determinations. See Flenoy , 446 S.W.3d at 303.
Additionally, even if trial counsel had notice of Mr. Hudson as a potential witness, we agree with the motion court's finding that Mr. Hudson's testimony would not have provided a viable defense. "If a potential witness's testimony would not unqualifiedly support a defendant, the failure to call such a witness does not constitute ineffective assistance." Robinson v. State , 469 S.W.3d 871, 880 (Mo. App. E.D. 2015) (citing Collis v. State , 334 S.W.3d 459, 464 (Mo. App. S.D. 2011) ). At the evidentiary hearing, Mr. Hudson testified that, on the day of Movant's arrest, Movant did not have any cuts on his face. But when Mr. Hudson visited Movant at the St. Louis Justice Center a few days later, he noticed Movant's nose was swollen and cut. However, Mr. Hudson testified he was not present during Movant's interrogation, and he had no personal knowledge of how Movant sustained the injuries. Mr. Hudson admitted it was entirely possible that Movant was injured during a fight in jail. We find this testimony would not have unqualifiedly supported either Movant's theory of defense or his testimony that Detective Garcia hit him in the nose and stomach to coerce his confession especially when the State presented evidence of Movant's booking photo, taken after the interview, which showed no blood or open cuts on Movant's face. See Maclin v. State , 184 S.W.3d 103, 109 (Mo. App. S.D. 2006) (finding no ineffective assistance of counsel where witness testimony would not have unqualifiedly supported the movant's defense theory or trial testimony).
Accordingly, we find the motion court did not clearly err in denying Movant's *841 claim because counsel were not ineffective for failing to call Mr. Hudson as a trial witness. Point II is denied.
Conclusion
We affirm the judgment of the motion court.
Roy L. Richter, P.J., and Robert M. Clayton III, J., concur.

All rule references are to Missouri Supreme Court Rules (2018) unless otherwise indicated.

Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).