

# Missouri Court of Appeals

## Southern District

### Division One

CHRISTA E. MUELLER, )
                                     )
     Appellant, )
                                     )     No. SD37128
vs. )
                                     )     **Filed: July 5, 2022**
STATE OF MISSOURI, )
                                     )
     Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

#### Honorable William E. Hickle, Judge

## AFFIRMED

Christa Mueller appeals the denial of her Rule 29.15[1] motion for postconviction relief. We affirm because the motion court did not clearly err in finding trial counsel's election not to request a cautionary jury instruction was strategic and objectively unreasonable.

### Background

A jury found Mueller guilty of first-degree assault on her young daughter, who suffered horrific abuse resulting in severe, life-altering injuries. For a summary of the

---

[1] Rule references are to Supreme Court Rules (2019).

shocking evidence that supported the conviction, which we affirmed on appeal, see ***State v. Mueller***, 568 S.W.3d 62 (Mo.App. 2019). Mueller timely moved for relief under Rule 29.15,[2] asserting, among other things, that her trial counsel was ineffective for not requesting an instruction patterned on MAI-CR 4th 410.08[3] (the "Mere Presence Instruction").[4] The Mere Presence Instruction reads,

> The presence of a person at or near the scene of an offense at the time it was [] committed [] is alone not sufficient to make him responsible for the offense, although his presence may be considered together with all of the evidence in determining his guilt or innocence.

At the motion hearing, trial counsel testified the defense theory was that Mueller was not present when her boyfriend harmed the child and began researching ways to conceal his crime. Trial counsel pursued an alibi defense by filing a notice and an amended notice of alibi, by mentioning in her opening statement that the jury would hear alibi evidence, by cross-examining the state's witnesses as appropriate, by calling an alibi witness, and by highlighting Mueller's non-presence at the scene in closing argument. Counsel testified that the Mere Presence Instruction probably would have been given had she requested it, but she made a strategic decision not to request it because Mueller had indicated she was not present when her daughter was injured and the defense had presented alibi evidence. Counsel summarized her thoughts about the jury instructions in general and the Mere Presence Instruction specifically: "I proffered the instructions

---

[2] We have reviewed the record to confirm that both the pro se and amended motions were filed within the time prescribed by Rule 29.15.

[3] MAI-CR 4th refers to Missouri Approved Instructions – Criminal, Fourth Edition. MAI-CR 3d refers to Missouri Approved Instructions – Criminal, Third Edition.

[4] In her amended motion and in briefing to this court, Mueller references MAI-CR 3d. MAI-CR 4th was applicable in all trials occurring on or after January 1, 2017. MAI-CR 4th "How to Use This Book – Effective Dates". This would include Mueller's September 2017 trial. Because MAI-CR 4th 410.08 "is a revision of MAI-CR 3d 310.08," revising "the Notes on Use only," MAI-CR 4th 410.08 Note on Use 1, the outcome of this appeal would be identical under either edition of the instructions. For this reason, we have considered and cited to cases without distinguishing whether the third or fourth edition of the MAI-CR was in effect.

that I believed would advance our case," and, "I believed [the Mere Presence Instruction] was inconsistent with our theory of defense and would undermine our theory of defense."

The same judge presided over both the motion hearing and Mueller's criminal trial. Regarding the claim on appeal, the motion court found that a Mere Presence Instruction would have been relevant only if Mueller had been present at the scene of the assault at the time it was committed. Mueller's theory of defense was alibi, and to that end trial counsel presented evidence and argument. The decision not to request a Mere Presence Instruction was strategic because such an instruction may have detracted from the focus on the alibi defense. The motion court found trial counsel's strategy was unsuccessful but not unreasonable: "While, in hindsight, the trial strategy did not convince the jury, that does not make it unreasonable." Mueller's request for relief was denied.

### Legal Principles

"On appeal from the denial of post-conviction relief, the motion court's findings are presumed correct." ***Deck v. State***, 381 S.W.3d 339, 343 (Mo. banc 2012). "The motion court's judgment will be reversed if it clearly erred in its findings of fact or conclusions of law." ***Id.*** (citing Rule 29.15(k)). "A clear error is a ruling that leaves the appellate court with a definite and firm impression that a mistake has been made." ***Id.***

The Supreme Court of the United States has explained that judicial scrutiny of trial counsel's performance must be "highly deferential," and for good reason:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that

3

counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland v. Washington*, 466 U.S. 668, 689 (1984) (internal quotation marks and citation omitted).

To obtain Rule 29.15 relief, Mueller had to satisfy the two-pronged *Strickland* test by a preponderance of the evidence. *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006).

> To satisfy the first prong of the *Strickland* test, [Mueller] must overcome a strong presumption that counsel provided competent representation by showing that counsel's representation fell below an objective standard of reasonableness. This standard is met by identifying specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance. It is presumed that counsel's conduct was reasonable and effective.

*Id.* (internal quotation marks and citations omitted). Furthermore,

> Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance. Strategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable. Where counsel has investigated possible strategies, courts should rarely second-guess counsel's actual choices.

*Id.* (internal quotation marks and citations omitted).

Regarding jury instructions, "[a]n objectively reasonable choice by counsel not to submit an instruction does not constitute ineffective assistance of counsel." *McCrady v. State*, 461 S.W.3d 443, 449–50 (Mo.App. 2015). "Counsel has no duty to request an instruction that would undermine the defense theory presented at trial." *Id.* at 450.

## Discussion

Mueller acknowledges these legal principles but argues it is always unreasonable not to request the Mere Presence Instruction when the state's theory is accomplice

liability and the jury has to weigh disputed or conflicting evidence of a defendant's presence at the scene of the offense.

Unlike mandatory jury instructions, the instructions in the 410.00 series are situational and discretionary. A trial court need not give the Mere Presence Instruction *sua sponte*. **State v. Lowe-Bey**, 807 S.W.2d 132, 136 (Mo.App. 1991). The Mere Presence Instruction must be given only "if applicable" and "upon request of either party." MAI-CR 4th "How to Use This Book – Overview". "[N]ot every situation involving accessorial liability requires the giving of the 'mere presence' instruction." **State v. Daniels**, 861 S.W.2d 564, 567 (Mo.App. 1993). Even when some evidence would support the giving of the Mere Presence Instruction, the defense's evidence or theory of the case may render it inapplicable or unnecessary. *See, e.g.*, **id.**, 861 S.W.2d at 567 (no error in refusal to give Mere Presence Instruction because defendant's own evidence established he participated in physical acts constituting accessorial liability). Given the discretionary nature of the instruction and strategic reasons why defense counsel may decide it does more harm to the defense than good, we cannot say, as a matter of law, that a Mere Presence Instruction *must* be requested in *every* accomplice liability case lest defense counsel be deemed ineffective.

Mueller next argues that a failure to request the Mere Presence Instruction relieves the state of the burden to prove an essential part of its case. This is inaccurate. The Mere Presence Instruction is a cautionary instruction. **State v. Grice**, 914 S.W.2d 360, 366 (Mo.App. 1995). The giving or non-giving of the Mere Presence Instruction does not alter the elements of any crime or the state's burden to prove those elements beyond a reasonable doubt. Even before jury instructions were codified in MAI, our courts have distinguished burden-of-proof instructions from cautionary instructions. *See* **West v.**

5

***St. Louis Pub. Serv. Co.***, 361 Mo. 740, 748, 236 S.W.2d 308, 313 (Mo. 1951). Here, the jury was instructed on reasonable doubt, accomplice liability, definitions relevant to the charged crime, and the facts it had to find in order to return a guilty verdict (the verdict director). The jury is presumed to have followed those instructions. ***State v. Hall***, 603 S.W.3d 739, 742 (Mo.App. 2020) (citing ***State v. McFadden***, 369 S.W.3d 727, 752 (Mo. banc 2012)).

Finally, Mueller contends that the alibi evidence was problematic and, even if believed, did not provide a complete alibi.[5] We understand Mueller's argument to be that the alibi defense was not mutually exclusive to other defenses or arguments and therefore the alibi defense did not, in and of itself, preclude trial counsel from also requesting the Mere Presence Instruction. To this end, Mueller asks us to consider that trial counsel successfully requested and brought to the jury's attention instructions on lesser included offenses, which also had the potential to diminish the alibi defense and for which the Mere Presence Instruction would have been at least relevant and possibly even helpful.

Alibi was not the exclusive defense trial counsel pursued in this case. Trial counsel argued the inference that Mueller's boyfriend was the one who harmed the child and then researched ways to cover up what he did. She argued reasonable doubt and the shortcomings in the state's case for first- or second-degree assault. Given the multiple defenses and conflicting evidence presented to the jury, it may have been reasonable to request a Mere Presence Instruction.

Whether the Mere Presence Instruction reasonably *could* have been requested was not the standard by which the motion court had to judge counsel's performance. Mueller

---

[5] We do not understand this to be a challenge to counsel's decision to pursue an alibi defense or the vigor with which she pursued it, especially in light of Mueller's amended motion averments that she "had an alibi defense" that the evidence supported alibi as "a viable theory of defense."

had to show that trial counsel's representation fell outside the wide range of professional, competent assistance. *Anderson*, 196 S.W.3d at 33. Here, counsel made the considered, deliberate, and strategic choice not to request the Mere Presence Instruction because she believed it was inconsistent with and would undermine the defense. Courts should rarely second-guess counsel's strategic choices. *Id.* We see no clear error in the motion court's decision not to second-guess counsel's decision in this case.

## Conclusion

Trial counsel's decision not to request the Mere Presence Instruction was based on reasonable trial strategy and was not objectively unreasonable. The motion court did not clearly err in denying Rule 29.15 relief. Point denied. Judgment affirmed.


JACK A. L. GOODMAN, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS