

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| DARIAN CUMMINGS, | ) | No. ED111894 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Annette Llewellyn |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: July 23, 2024 |

### Introduction

Darian Cummings ("Movant") appeals the motion court's judgment overruling his Rule 29.15 motion for post-conviction relief.[1] In his sole point on appeal, Movant alleges his trial counsel was ineffective for failing to request jury instructions for the lesser included offenses of second-degree robbery and stealing. Because Movant did not overcome the presumption trial counsel's decision not to request lesser included instructions was reasonable trial strategy, the motion court did not clearly err. Movant's point is denied.

The motion court's judgment is affirmed.

---

[1] All rule references are to Missouri Supreme Court Rules 2022, unless otherwise indicated.

**Factual Background**

Viewed in the light most favorable to the judgment the following evidence was adduced at trial: On April 5, 2017, J.H. ("Victim One") was walking near the Saint Louis University campus when three men approached him and asked to use his cellular phone. After using Victim One's phone and not reaching anyone, Victim One offered to give the men a ride to the nearest bus or train station. After driving for a few minutes, the men directed Victim One to stop at a nearby house. When Victim One pulled over, the front passenger pointed a silver gun at Victim One's head and demanded he give the men his wallet and phone. Victim One had handed over his phone and wallet when another passenger pointed a shotgun at Victim One and told him to leave the car. Victim One complied, walked to his fiancée's residence, and called the police.

Victim One's car and phone were recovered later that evening. Victim One discovered photos were taken on his phone and the Facebook application was used to log into an account belonging to "Tank Foess." Police informed Victim One two people were found in his car. They asked Victim One to participate in a photographic line-up to make an identification. Police showed Victim One two groups of photographs containing pictures of the suspects, but he could not identify either.

On April 25, 2017, D.N. ("Victim Two") and H.A. ("Victim Three") were walking to Victim Three's apartment near midnight when they were approached by two men near the Saint Louis University Campus. The men asked for a ride home. Victims Two and Three agreed to drive them to the nearest Metrolink station. Victims Two and Three sat in the front of the car while the two men sat in the backseat. Once Victim Two reached the Metrolink station, one of the men told him to keep driving. While sitting at a stop sign, one of the men pulled out a gun, held it within view of the victims, and told them to give up their phones and cash and exit the car. Victims Two

and Three gave the men both of their phones. Victim Two attempted to take his car keys but one of the men told him to leave them. The men then left in the car. The victims walked back to Victim Three's apartment and called the police.

Later that morning, a police officer noticed a car on the highway traveling at nearly 100 miles per hour. The officer learned the car was stolen and pursued the vehicle until it crashed. Movant was later identified as the driver, and the car was identified as Victim Two's car. Officers also discovered a "starter pistol" on the driver's side floorboard, which matched the description of the weapon used in the second carjacking.[2] Y.E., who was riding as a passenger in the car when it crashed, told officers she knew Movant by the nickname "Tank."

After Movant was found driving Victim Two's Car, detectives met with Victims Two and Three at the Saint Louis University Student Center to administer a photographic line-up. Both victims identified Movant as one of the men who robbed them. Detectives then contacted Victim One and informed him of a second carjacking they believed may be related to his case. Police asked him to participate in another photographic line-up containing the new suspects including Movant. During this line-up, Victim One identified Movant as one of the men who stole his car. Movant was charged with two counts of first-degree robbery and two counts of armed criminal action for both carjackings. The circuit court dismissed the armed criminal action charge for the second carjacking because the starter pistol did not meet the definition of a firearm.

At trial, trial counsel commented during opening statements and argued during closing arguments witness identifications were not enough to prove beyond a reasonable doubt Movant was at either crime scene. Trial counsel also called an identification expert who explained how factors can affect eyewitness identifications. The jury acquitted Movant of armed criminal action

---

[2] A "starter pistol" is an object which looks like a firearm but has a sealed barrel which makes it inoperable as a firearm.

but found him guilty of both counts of first-degree robbery. At no time did trial counsel request any instructions for the lesser included offenses of second-degree robbery or stealing. The circuit court sentenced Movant to ten years' imprisonment for each robbery count with the sentences to run concurrently. Movant appealed his convictions, which this Court affirmed. *State v. Cummings*, 618 S.W.3d 615 (Mo. App. E.D. 2020).

Movant timely filed his *pro se* motion for post-conviction relief on July 2, 2021. An attorney from the Office of the Public Defender entered an appearance on August 4, 2021. On September 20, 2021, a special public defender entered an appearance. After two thirty-day continuances, Movant's amended motion was due by December 3, 2021. Counsel did not file Movant's amended motion until November 7, 2022. With the amended motion Counsel simultaneously moved for a determination of abandonment of counsel. The motion court conducted a hearing, determined Movant was abandoned, and granted Movant's motion. *See Sanders v. State*, 807 S.W.2d 493, 495 (Mo banc. 1991) (holding that motion courts shall make independent inquiry as to the cause of untimely filing before determining movant was abandoned). An evidentiary hearing for the amended motion for post-conviction relief was requested and held.

At Movant's evidentiary hearing, trial counsel testified she wrote a note in her file stating, "Jury instruction for rob two," meaning she needed to submit a jury instruction for second-degree robbery. Trial counsel never explained why she failed to request this instruction. The motion court overruled Movant's Rule 29.15 motion, finding "the defense theory at trial was mistaken identity[, and i]t was not unreasonable for [trial counsel] to pursue an all or nothing strategy of defense." Movant now appeals.

**Standard of Review**

"This Court reviews the denial of post-conviction relief to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Watson v. State*, 520 S.W.3d 423, 428 (Mo. banc 2017). "A judgment is clearly erroneous when an appellate court is left with a 'definite and firm impression that a mistake has been made.'" *McNeal v. State*, 412 S.W.3d 886, 889 (Mo. banc 2013) (quoting *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009)). "It is presumed that counsel is effective and that the burden is on the movant to show otherwise." *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009). This Court also presumes the motion court's findings are correct. *Baumruk v. State*, 364 S.W.3d 518, 525 (Mo. banc 2012). This Court defers to "the motion court's determinations of credibility, as the motion court has a 'superior opportunity to judge the credibility of the witnesses.'" *Tate v. State*, S.W.3d 15, 24, (Mo. App. E.D. 2015) (quoting *State v. Twenter*, 818 S.W.2d 628, 635 (Mo. banc 1991)).

**Discussion**

*Rule 84.04(d)*

Movant's brief contains only one point relied on. As discussed below this point fails to comply with Rule 84.04. "Rule 84.04 plainly sets forth the required contents of briefs filed in all appellate courts." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). "Rule 84.04's requirements are mandatory." *Id.* (quoting *Fowler v. Mo. Sheriffs' Ret. Sys.*, 623 S.W.3d 578, 583 (Mo. banc 2021)). "The point relied on is a central, indispensable element of an appellate brief because it defines the specific issue for this Court's review." *City of Harrisonville v. Mo. Dep't of Nat. Res.*, 681 S.W.3d 177, 180 (Mo. banc 2023). "A noncompliant point relied on that fails to meet these essential purposes impedes the adversarial process and, by extension, this Court's impartial review of a specific claim of reversible error." *Id.* at 181.

Under Rule 84.04(d)(1), a point relied on must: "(1) identify the challenged [circuit] court ruling or action; (2) state concisely the legal reasons for the claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." *Id.* at 180–181 (internal quotations omitted). The Supreme Court of Missouri "has provided in Rule 84.04(d)(1) a roadmap enabling an appellant to draft a compliant point relied on by literally filling in the blanks. . . ." *Id.* at 181. Rule 84.04(d)(1) requires any point relied on to "be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'"

Here, Movant failed to substantially comply with Rule 84.04(d)'s basic requirements. Movant's point relied on does not follow the template provided by Rule 84.04(d)(1).[3] Movant's point contains multiple sentences, none of which "explain why the legal reasons, in the context of [this] case, support the claim of reversible error." Rule 84.04(d)(1). But, this Court prefers, "to review cases on the merits 'where disposition is not hampered by rule violations and the argument is readily understandable.'" *State v. Myers*, 619 S.W.3d 578, 582 (Mo. App. E.D. 2021). Because Movant's argument is "readily understandable" despite his briefing errors, this Court uses its discretion "to review [Movant's] non-compliant brief [] *ex gratia*." *Scott v. King*, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017). "But we cautiously exercise this discretion because each time we

---

[3] Movant's point relied on states:

> The motion court erred in denying Mr. Cummings's amended Rule 29.15 motion because Mr. Cummings proved by a preponderance of the evidence that Trial Counsel was ineffective for failing to request a lesser included offense instruction. By failing to request a lesser included instruction Trial Counsel failed to act as reasonably competent counsel under the same or similar circumstances would have, and counsel's failure was not justifiable as reasonable trial strategy and prejudiced Mr. Cummings. Counsel's ineffectiveness and the motion court's ruling denied Mr. Cummings's right to effective assistance of counsel, right to due process of law, right to testify, and right to a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, §§ 10 and 18(a) of the Missouri Constitution. This Court must reverse the motion court's judgment and remand for a new trial.

review a noncompliant brief *ex gratia*, we send an implicit message that substandard briefing is acceptable. It is not." *Id.*

*Point I: Ineffective Assistance of Counsel*

*Party Positions*

In his sole point on appeal, Movant argues the motion court erred in overruling his Rule 29.15 motion because trial counsel was ineffective for failing to request instructions for the lesser included offenses of second-degree robbery and stealing. In his argument Movant claims he was prejudiced because, but for trial counsel's ineffectiveness, there is a reasonable probability he would have been found guilty of one of these lesser included offenses. The State asserts the motion court was correct in denying Movant's claim because he failed to meet his burden to prove trial counsel's actions were not part of a reasonable trial strategy and failed to prove prejudice.

*Analysis*

"To be entitled to post-conviction relief for ineffective assistance of counsel, the movant must satisfy a two-prong test." *Zink*, 278 S.W.3d at 175. "First, the movant must show that his counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would exercise in a similar situation." *Id.* "Second, the movant must show that trial counsel's failure prejudiced the defendant." *Id.* "Both of these prongs must be shown by a preponderance of the evidence in order to prove ineffective assistance of counsel." *Id.* To establish a claim for ineffective assistance of counsel based on a failure to request an instruction for a lesser included offense, "the movant must show: (1) the evidence would have required an instruction on the lesser included offense had it been requested; (2) the decision not to request the instruction was not part of a reasonable trial strategy; and (3) the movant was prejudiced by counsel's failure." *Hudson v. State*, 563 S.W.3d 834, 838 (Mo. App. E.D. 2018).

7

Movant did not show trial counsel's "decision to not request the instruction was not part of a reasonable trial strategy." *Watson*, 520 S.W.3d at 435 (quoting *McCrady v. State*, 461 S.W.3d 443, 448 (Mo. App. E.D. 2015)). "The decision to pursue an 'all or nothing' defense has been consistently upheld as reasonable trial strategy." *Jones v. State*, 514 S.W.3d 72, 81 (Mo. App. E.D. 2017). "Counsel has no duty to request an instruction that would undermine the defense theory presented at trial." *Id.* (quoting *Williamson v. State*, 400 S.W.3d 902, 904 (Mo. App. E.D. 2013)). Where the theory is Movant was not involved in the crime at all, "counsel [is] not ineffective for declining to offer the jury a middle ground for conviction." *McCrady*, 461 S.W.3d at 451.

Here, trial counsel pursued an "all or nothing" defense arguing Movant was innocent and this was a case of mistaken identity. Trial counsel called an expert witness to question the eyewitnesses' identification of Movant. Trial counsel's opening statement and closing argument were focused almost exclusively on the theory the line-up identifications were insufficient to prove Movant was at the scene of either carjacking. For example, in her opening statement, trial counsel stated, "[t]his is the case of three very nice people who are mistaken. I will ask that after you listen to all the evidence that you return a verdict of not guilty." In her closing argument, trial counsel stated, "just because someone is found in a stolen car doesn't mean that they did everything behind that." Trial counsel further stated, "you have to believe beyond a reasonable doubt that [Movant] -- that each of these eyewitnesses accurately identified [Movant], and they can't. They just can't."

Further, even when given the opportunity at the evidentiary hearing, Movant did not ask trial counsel why she failed to request the lesser included offenses. Instead, Movant questioned trial counsel about a note in her file which stated: "Jury Instruction for rob two." Although trial counsel testified this meant for her to "submit jury instructions for robbery second degree," Movant never asked trial counsel why she did not do so. Thus, it was reasonable trial strategy for trial

counsel to not request the lesser included offenses of second-degree robbery or stealing given this would undermine the defense theory the eyewitnesses mistakenly identified Movant. "A reasonable strategy, even if it looks imperfect in hindsight, cannot provide the basis for an ineffective assistance of counsel claim." *Worthington v. State*, 166 S.W.3d 566, 575 (Mo. banc 2005).

Movant also did not show prejudice resulted from trial counsel's actions. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "In this context, 'prejudice' means a reasonable probability that the outcome of the trial would have been different if the second-degree robbery instruction had been given." *Watson*, 520 S.W.3d at 437. "In making the determination whether the specified errors resulted in the required prejudice, a court should presume . . . that the judge or jury acted according to law." *Strickland*, 466 U.S. at 694. Movant claims the jury's acquittal on the armed criminal action charge means it determined Movant did not possess a firearm. Movant further argues this negates a finding of guilt as to first-degree robbery and only permits a finding of guilt as to stealing.

First, Movant only makes conclusory statements regarding how he was prejudiced by trial counsel's failure to request a second-degree robbery instruction. Movant only states, "[t]rial counsel's failure to request a lesser included offense [sic] prejudiced [Movant], because had trial counsel requested a lesser-included offense instruction, there is a reasonable probability that Movant would have been found guilty of the lesser-included offense of either robbery in the second degree or stealing." Movant then offers an explanation as to his argument regarding stealing, but not second-degree robbery. "Mere conclusory speculations of prejudice by Movant are not

9

considered substantive evidence of counsel's ineffectiveness." *Woods v. State*, 458 S.W.3d 352, 360 (Mo. App. W.D. 2014) (quoting *Weekley v. State*, 265 S.W.3d 319, 323 (Mo. App. S.D. 2008)).

Second, Movant's argument regarding first-degree robbery is misguided. Whether Movant possessed the firearm is irrelevant. Under section 570.023.1(4),[4] a person commits first-degree robbery "if he or she forcibly steals property and in the course thereof he or she, *or another participant in the offense* . . . [d]isplays or threatens the use of what appears to be a deadly weapon or dangerous instrument[.]" (Emphasis added). Here, the record shows there were other "participant[s] in the offense" who "[d]isplay[ed] or threaten[ed] the use of" firearms. This supports the first-degree robbery conviction under section 570.023.1(4). For example, Victim One testified the front passenger in the April 5th robbery "pointed a handgun to his face." In addition, Victim Two testified one of the backseat passengers in the April 25th robbery "held [the gun] so that it was in view . . . in line with . . . [his] shoulder[.]"

Because the record shows other participants in the robberies displaying or threatening the use of firearms, Movant's contention regarding the jury's alleged finding he "did not possess a firearm" is incorrect. Movant claims "[t]he lack of possession of a firearm . . . negate[s] a finding of guilt to robbery in the first degree[.]" However, based on the record and this Court's standard of review, the jury could have determined the State proved beyond a reasonable doubt "another participant in the offense . . . [d]isplay[ed] or threaten[ed] the use of" firearms. § 570.023.1(4). *See Berry v. State*, 676 S.W.3d 516, 519 (Mo. App. E.D. 2023) (holding the State could prove the movant was guilty of first-degree robbery because his accomplices' movements suggested the presence of a weapon). Movant alleges no facts undermining "the confidence in [this] outcome." *Strickland*, 466 U.S. at 694. Thus, Movant did not show "there is a reasonable probability that, but

---

[4] All statutory references are to RSMo Cum. Supp. 2017, unless otherwise indicated.

for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* The motion court did not clearly err in overruling Movant's Rule 29.15 motion for post-conviction relief.

Movant's point is denied.

### Conclusion

The motion court's judgment is affirmed.

_____
Philip M. Hess

Robert M. Clayton III, P.J. and
Cristian M. Stevens, J. concur.